# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Theodore B. Olson
Direct: +1 202.955.8668
Fax: +1 202.530.9575
TOlson@gibsondunn.com

June 28, 2016

VIA ECF

Hon. Richard C. Wesley
Hon. Amalya L. Kearse
Hon. Barrington D. Parker
United States Court of Appeals for the Second Circuit
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re:     *Chevron Corporation v. Donziger*, Nos. 14-826, 14-832

Dear Judges Wesley, Kearse, and Parker:

I write as counsel for Chevron Corporation ("Chevron") in response to Donziger's FRAP
28(j) letter regarding the Supreme Court's decision in *RJR Nabisco, Inc. v. European
Community*, No. 15-138 (2016) ("*RJR*").

Donziger has waived any argument about the purported extraterritorial application of RICO
by failing to timely raise it in his opening brief (or at any point on appeal).  Dkt. 253 at 74
n.16; *McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir. 2005).

There is good reason for Donziger's decision:  The evidence the district court credited rebuts
any such notion, including Donziger's new assertion regarding domestic injury.  His letter
ignores the court's findings that Donziger (a U.S. resident) targeted Chevron (a U.S.
company) with racketeering involving "substantial conduct in the United States" and
"designed to injure Chevron's reputation and impact its bottom line."  SPA364-65.  The
court found that Donziger's scheme "was planned, supervised, financed and executed in
important … respects by Americans in the United States in order to extract money from a
U.S. victim."  SPA15; *see also* SPA390-91; *Chevron Corp. v. Donziger*, 871 F. Supp. 2d
229, 240-46 (S.D.N.Y. 2012).  As a "direct consequence[] of the fraud perpetrated"
(SPA327), Chevron has been forced to spend "millions of dollars" to combat the scheme,
including in the U.S. (Dkt. 253 at 78).[1]   Donziger's appeal contests none of this.

---

[1]   Among other things, Appellants deprived Chevron of the value of a $96 million
arbitration award against Ecuador (SPA326-27), which has now been domesticated in the
United States (Dkt. 444), with the Supreme Court denying certiorari on Ecuador's
challenge thereto.  *Chevron Corp. v. Ecuador*, 2016 WL 776386 (2016).  Appellants
claim entitlement to the award and have maneuvered to prevent Ecuador from paying
Chevron.  Exs. A-B.

# GIBSON DUNN

Hon. Richard C. Wesley
Hon. Amalya L. Kearse
Hon. Barrington D. Parker
June 28, 2016
Page 2


*RJR*'s references to "international friction" cannot enable Donziger, a U.S. resident, to escape liability to a U.S. plaintiff under U.S. law.  Chevron's action is not a "preemptive attack" on a foreign judgment, and the injunction does not bar the multiple ongoing foreign enforcement actions—it simply prevents Appellants from profiting from their fraud.  Dkt. 253 at 92-98.  *RJR* gives Donziger no free pass for his egregious conduct.


Respectfully,

  */s/ Theodore B. Olson*

Theodore B. Olson


cc:  All counsel of record (via ECF)