# 14-826-cv(L)

14-832-cv(Con)

# United States Court of Appeals
### for the
## Second Circuit

───────────────────────────────────────────────

CHEVRON CORPORATION,

*Plaintiff-Appellee*,

- v. -

STEVEN R. DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, HUGO GERARDO CAMACHO NARANJO, JAVIER PIAGUAJE PAYAGUAJE,

*Defendants-Appellants*.

*(caption continued on next page)*

───────────────────────────────────────────────

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

**CHEVRON CORPORATION'S OPPOSITION TO APPELLANTS'
MOTION FOR AN EXTENSION OF TIME TO FILE A PETITION FOR
PANEL REHEARING AND REHEARING EN BANC**

───────────────────────────────────────────────

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

STRATUS CONSULTING, INC., DOUGLAS BELTMAN, ANN MAEST,

    *Defendants-Counter-Claimants*,

PABLO FAJARDO MENDOZA, LUIS YANZA, FRENTE DE DEFENSA DE LA AMAZONIA, AKA AMAZON DEFENSE FRONT, SELVA VIVA SELVIVA CIA, LTDA, MARIA AGUINDA SALAZAR, CARLOS GREFA HUATATOCA, CATALINA ANTONIA AGUINDA SALAZAR, LIDIA ALEXANDRA AGUIN AGUINDA, PATRICIO ALBERTO CHIMBO YUMBO, CLIDE RAMIRO AGUINDA AGUINDA, LUIS ARMANDO CHIMBO YUMBO, BEATRIZ MERCEDES GREFA TANGUILA, LUCIO ENRIQUE GREFA TANGUILA, PATRICIO WILSON AGUINDA AGUINDA, CELIA IRENE VIVEROS CUSANGUA, FRANCISCO MATIAS ALVARADO YUMBO, FRANCISCO ALVARADO YUMBO, OLGA GLORIA GREFA CERDA, LORENZO JOSE ALVARADO YUMBO, NARCISA AIDA TANGUILA NARVAEZ, BERTHA ANTONIA YUMBO TANGUILA, GLORIA LUCRECIA TANGUI GREFA, FRANCISO VICTOR TRANGUIL GREFA, ROSA TERESA CHIMBO TANGUILA, JOSE GABRIEL REVELO LLORE, MARIA CLELIA REASCOS REVELO, MARIA MAGDALENA RODRI BARCENES, JOSE MIGUEL IPIALES CHICAIZA, HELEODORO PATARON GUARACA, LUISA DELIA TANGUILA NARVAEZ, LOURDES BEATRIZ CHIMBO TANGUIL, MARIA HORTENCIA VIVER CUSANGUA, SEGUNDO ANGEL AMANTA MILAN, OCTAVIO ISMAEL CORDOVA HUANCA, ELIA ROBERTO PIYAHUA PAYAHUAJE, DANIEL CARLOS LUSITAND YAIGUAJE, BENANCIO FREDY CHIMBO GREFA, GUILLERMO VICENTE PAYAGUA LUSITANTE, DELFIN LEONIDAS PAYAGU PAYAGUAJE, ALFREDO DONALDO PAYAGUA PAYAGUAJE, MIGUEL MARIO PAYAGUAJE PAYAGUAJE, TEODORO GONZALO PIAGUAJ PAYAGUAJE, FERMIN PIAGUAJE PAYAGUAJE, REINALDO LUSITANDE YAIGUAJE, LUIS AGUSTIN PAYAGUA PIAGUAJE, EMILIO MARTIN LUSITAND YAIGUAJE, SIMON LUSITANDE YAIGUAJE, ARMANDO WILFRIDO PIAGUA PAYAGUAJE, ANGEL JUSTINO PIAGUAG LUCITANT, KEMPERI BAIHUA HUANI, AHUA BAIHUA CAIGA, PENTIBO BAIHUA MIIPO, DABOTA TEGA HUANI, AHUAME HUANI BAIHUA, APARA QUEMPERI YATE, BAI BAIHUA MIIPO, BEBANCA TEGA HUANI, COMITA HUANI YATE, COPE TEGA HUANI, EHUENGUINTO TEGA, GAWARE TEGA HUANI, MARTIN BAIHUA MIIPO, MENCAY BAIHUA TEGA, MENEMO HUANI BAIHUA, MIIPO YATEHUE KEMPERI, MINIHUA HUANI YATE, NAMA BAIHUA HUANI, NAMO HUANI YATE, OMARI APICA HUANI, OMENE BAIHUA HUANI, YEHUA TEGA HUANI, WAGUI COBA HUANI, WEICA APICA HUANI, TEPAA QUIMONTARI WAIWA, NENQUIMO VENANCIO NIHUA, COMPA GUIQUITA, CONTA NENQUIMO QUIMONTARI, DANIEL EHUENGEI, NANTOQUI NENQUIMO, OKATA QUIPA NIHUA, CAI BAIHUA QUEMPERI, OMAYIHUE BAIHUA, TAPARE AHUA YETE, TEWEYENE LUCIANA NAM TEGA, ABAMO OMENE, ONENCA ENOMENGA, PEGO ENOMENGA, WANE IMA, WINA ENOMENGA, CAHUIYA OMACA, MIMA YETI,

    *Defendants*,

ANDREW WOODS, LAURA J. GARR, H5,

    *Respondents*.

Chevron Corporation ("Chevron") opposes Appellants' request for a 45-day extension of time within which to file a petition for rehearing and/or rehearing en banc. Dkt. 494. Such a lengthy extension—more than three times the period normally prescribed under Federal Rule of Appellate Procedure 40(a)(1)—is not supported by good cause and should be denied. *Cf.* Second Circuit Rule 27.1(f)(1) ("Absent an extraordinary circumstance, such as serious personal illness or death in counsel's immediate family, the court will not grant a motion to extend the time to file a brief.").

Appellants' proffered justifications for the requested extension underscore the unreasonableness of their request. For instance, Appellants claim that they need an extra month and a half to "analyze the 60-page factual statement at the beginning of the opinion, . . . which must be compared to the unusually voluminous record in this case." Dkt. 494 at 6. But this is a dodge. As this Court repeatedly recognized, "[n]one" of the district court's "extensive factual findings" was ever "disputed" on appeal. Opinion (Dkt. 484-1) at 17.[1] Thus, Appellants waived any challenge to the district court's factual findings or the underlying evidence, and there is no reason to grant Appellants additional time now to purport

---

[1] *See also* Opinion at 6 (noting that Appellants did not "challeng[e] the sufficiency of the evidence to support any of those factual findings"); *id.* at 7 (noting the "absence of challenges to the district court's factual findings"); *id.* at 98 ("There is no challenge to the sufficiency of the evidence to support any of these findings."); Arg. Tr. 69:22-24.

1

to engage in a belated review of the factual record.

Appellants also cannot possibly require such a lengthy extension to review the Court's analysis of legal arguments that they have already extensively briefed on multiple occasions.

Nor do Appellants' counsel's claims of deadlines in other cases warrant the 45-day extension they seek. Two of these deadlines (briefs due on August 15 and 17) had passed before they filed their motion. Dkt. 494 at 7. And the three upcoming briefing deadlines in the last week of August and the first week of September, and unspecified vacation plans of "colleagues" in August, hardly justify an extension until October 6—nearly one month *after* the last deadline. *Id*. Likewise, the vague claim that counsel for the Naranjo Appellants "has a similarly busy schedule, including teaching and other commitments" (*id*.) cannot constitute good cause, particularly when Appellants are seeking an extension of such unusual length. There is no explanation for how "teaching and other commitments" somehow precluded counsel for the Naranjo Appellants from reviewing the Court's Opinion, determining whether to seek rehearing, and preparing a petition within the period the Rules ordinarily prescribe.

Finally, Appellants litter their filing with multiple mischaracterizations of the Court's decision, which are irrelevant for purposes of their extension request but nonetheless warrant a brief response. In particular, Appellants continue to

2

refer to this case as a "preemptive collateral attack" on the Ecuadorian judgment. Dkt. 494 at 5. But as this Court has recognized, the district court "d[id] not invalidate the Ecuadorian judgment" and instead issued "equitable *in personam* relief" after finding, among other things, that Donziger engaged in a pattern of racketeering in violation of RICO. Opinion at 116; *see also id.* at 7, 113–16; SPA491–96; Dkt. 253 at 92–95, 162–72. In fact, the Naranjo Appellants' previous counsel (James Tyrrell) "conceded before the Second Circuit that the defendants 'would not have a problem' with 'the alternative relief that [Chevron] would be seeking, such as enjoining the person who paid the bribe from benefitting from it.'" Opinion at 72. It is time for the spinning and subterfuge to end.

Appellants' claim that this Court's Opinion allows "litigation losers from anywhere in the world to come to the Second Circuit to relitigate their disputes" is equally baseless. Dkt. 494 at 5–6. As this Court and the district court repeatedly observed, this action is not a re-trial of the Ecuadorian lawsuit. Opinion at 15–16. Rather, Chevron *proved*—with overwhelming evidence that Appellants did not try to dispute on appeal—that Appellants engaged in "a parade of corrupt actions"—in the Ecuadorian litigation and beyond, including in U.S. courts—that constituted violations of RICO and warranted issuance of "equitable *in personam* relief to a person victimized by a judgment procured by fraud" under New York common law. *Id.* at 85, 94–99, 112.

3

\* \* \*

Appellants' unreasonable request for a 45-day extension is unsupported by good cause. Chevron, however, does not oppose a reasonable 7-day extension, which would make August 29, 2016 the deadline for Appellants to file a petition for rehearing and/or rehearing en banc.

Dated: August 19, 2016  Respectfully submitted,

Washington, D.C.

     *s/ Theodore B. Olson*
     GIBSON, DUNN & CRUTCHER LLP

     Theodore B. Olson
     1050 Connecticut Ave., N.W.
     Washington, DC 20036
     Telephone: 202.955.8500
     Facsimile: 202.467.0539

     Randy M. Mastro
     Andrea E. Neuman
     Caitlin Halligan
     200 Park Avenue
     New York, NY 10166
     Telephone: 212.351.4000
     Facsimile: 212.351.4035

     William E. Thomson
     333 South Grand Avenue
     Los Angeles, CA 90071
     Telephone: 213.229.7000
     Facsimile: 213.229.7520

     *Attorneys for Chevron Corporation*